UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK S. NIEMIEC,

    Plaintiff,

v.                                                                                          Case No. 1:24-cv-226-MW-MJF

MIKE HAYES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this civil action under 42 U.S.C. § 1983. Because Plaintiff's claims are frivolous, the District Court should dismiss this action under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

### I. PLAINTIFF'S COMPLAINT

Plaintiff names four individuals as Defendants. Doc. 1 at 2–3. The complaint lacks any allegation concerning these individuals, however. Instead, Plaintiff's allegations are against unnamed harassers whom Plaintiff refers to as "they" throughout the pleading. He asserts that these harassers are part of a "gang" "sponsored by" the Department of

Justice, Alachua County Sheriff's Office, Alachua County, Gainesville Police Department, City of Gainesville, and others.[1] *Id.* at 4.

Beginning fourteen years ago, "they" allegedly projected images and sounds at Plaintiff, first at his workplace and then at home, which prevented him from getting enough sleep. *Id.* at 5–6. The harassment worsened with the use of surveillance and imaging systems, shooting at Plaintiff with DARPA guns, and poisoning his food and water. *Id.* at 6. "They" then caused Plaintiff to have two car accidents. *Id.* at 7. Plaintiff further alleges "they" shot him in the hip at night; broke into his home, stole valuable items, and vandalized his home; gassed Plaintiff in his home; and threatened him and his family. *Id.* at 8–9.

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, the District Court is required to review the complaint for, among other things, frivolousness. 28 U.S.C. § 1915(e)(2)(B)(i). A court may dismiss a claim as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490

---

[1] Plaintiff did not name these law enforcement and governmental entities as Defendants in this action.

U.S. 319, 327–28 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

A claim is frivolous when it lacks any arguable basis in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Claims are frivolous as a factual matter when they are based on fantastic, delusional, or incredible "facts." *Denton*, 504 U.S. at 32–33; *Neitzke*, 490 U.S. at 328; *see Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (noting that a claim is factually baseless when the "allegations are sufficiently fantastic to defy reality as we know it").

Here, Plaintiff's factual allegations are based on delusional and fantastic scenarios. Plaintiff has alleged, among other things:

- Plaintiff's harassers wore stealth suits that made them vanish whenever Plaintiff tried to approach them.

- "They" projected images and sounds at Plaintiff to "mess with" him and to prevent him from getting enough sleep. Plaintiff was kept awake for eighty-nine days straight and was close to death.

- Plaintiff was subjected to bubble surveillance and imaging systems.

- "They" poisoned Plaintiff at least 25–35 times. "They" poisoned Plaintiff's food and drinks while he was in the shower and placed handprints on Plaintiff's food.

- "They" gassed Plaintiff in his home 20–30 times, which caused Plaintiff to become sick.

- Plaintiff was electrocuted in bed and almost died.

- Every night, "they" shot at Plaintiff's hip with a DARPA gun to cripple Plaintiff.

- "They" caused two accidents using "Road Benders" shot with lasers from another car. "They" also used stealth motorcycles and cars to cause accidents.

Because Plaintiff's complaint is based on delusional and fantastic scenarios, Plaintiff's complaint is factually frivolous. He cannot cure this frivolousness simply by amending his complaint. Therefore, the District Court should dismiss Plaintiff's complaint without leave to amend. *See Gary v. U.S. Gov't*, 540 F. App'x 916, 916 (11th Cir. 2013).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action with prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), because it is **frivolous**; and

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 14th day of January, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.